**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIRECTV, LLC,** | ) | **CASE NO. 5:14 CV 2657** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **JOHN S. KUHN, et al.,** | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Defendants.** | ) | (Resolving Doc. #18) |

This matter is before the Court on Plaintiff Directv, LLC's ("Directv") unopposed Motion to Dismiss Counterclaims (Doc. #18) For the reasons that follow, Directv's motion is GRANTED.  Accordingly, Defendants' counterclaims are DISMISSED.

**I.  FACTUAL AND PROCEDURAL HISTORY**

Defendant John S. Kuhn ("Kuhn") is a licensed attorney who owns and operates Defendant Sadie Rene, Inc., doing business as "Sadie Rene's," collectively "Defendants."  Sadie Rene's is located at 7200 Whipple Ave., NW, North Canton, OH 44720.  Plaintiff Directv is a direct broadcast satellite service that provides a variety of programming including sports and other special interest content.  Directv offers different service contracts to residential and commercial customers with different rates.  Although the service contracts are different, the physical equipment used to receive Directv's broadcast signal is functionally interchangeable and can receive a signal at a residential or commercial location.  Directv is aware that individuals

will move residential equipment to commercial locations in an attempt to avoid paying the higher price of a commercial service contract.  In an attempt to prevent individuals from exploiting residential contracts in commercial locations, Directv sends observers to businesses who broadcast satellite content.

Directv alleges, and Kuhn admits, that he moved Directv equipment from his home, where he had a residential contract, to his business, Sadie Rene's, where he did not have a commercial service agreement, and proceeded to broadcast Directv satellite programming, in violation of his residential agreement, without paying the commercial rate.  Defendants allege that the equipment was moved with the verbal permission of a customer sales representative named Joel for a test period to determine whether satellite service at Sadie Rene's would be consistent or disrupted by inclement weather.  Directv alleges and Defendants do not dispute that Directv content was broadcast at Sadie Rene's on June 11, 2014 using Kuhn's residential receiver and account.  The parties agree that at some point after having used his residential service at Sadie Rene's, and after Directv sent letter dated July 1, 2014 informing Defendants of the breach of Kuhn's residential contract, Kuhn entered into a business service agreement for Sadie Rene's.

Directv now alleges, and Defendants do not dispute, that the business contract for Sadie Rene's was also violated by Defendants who mischaracterized their business as an establishment that does not sell food and beverage for immediate consumption in order to obtain a less expensive business viewing subscription.  Directv contends, and Defendants do not dispute, that Sadie Rene's a casual eatery and bar that sells food and beverage for immediate consumption and that Defendants nevertheless executed a service contract in which they represented, warranted, and acknowledged, that Sadie Rene's did <u>not</u> sell food and beverage for immediate consumption as a precondition for the business viewing subscription.

2

Directv states, and Defendants do not contradict, that Directv terminated the business viewing contract for Sadie Rene's due to Defendants' misrepresentation of the nature of the business.

Defendants have filed an Amended Answer with Counterclaims alleging two counts of breach of contract for alleged wrongful terminations of Directv service to Kuhn's residential account in July 2014 (Count I) and the business account for Sadie Rene, Inc., which operated for approximately two weeks from July 12, 2014 before termination (Count II).  Defendants have not attached any exhibits or separately filed any document in support of their Amended Answer and Counterclaims.  Plaintiff has filed a motion to dismiss these counterclaims.  Defendants have allowed their time to respond in opposition to the motion to dismiss to expire without a response or a request for extension or leave to file a response.  The motion is now ripe for decision but remains completely unopposed.  Although Defendants have not responded to the motion to dismiss, they have responded to a subsequent motion for summary judgment.  Thus, this record suggests that Defendants are aware of both motions and, having responded to the later of the two, intend not to respond to the motion to dismiss.

## II.  LEGAL STANDARD

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir.2008)). The Sixth Circuit explains:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' 'Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

3

> However, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 555, 570. A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). The complaint must rise to the level of "plausibility" by containing "more than labels and conclusions;" a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 564. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

## III.  ANALYSIS

Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." Various courts in the Northern District of Ohio have found that a district court's power to grant dispositive motions because they are unopposed is firmly settled. *See, e.g.* Aikens v. City of Cleveland Hts., No. 1:12CV1393, 2013 WL 148344 (N.D. Ohio Jan. 14, 2013), in addition to *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9–10, 2005 WL 1277667 (N.D.Ohio 2005) (both citing *Cacevic v. City of Hazel Park*, 226 F.3d

4

483, 492 (6th Cir.2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, Id.* In the absence of any response, or attempt at response, to Directv's motion to dismiss, further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

## IV.  CONCLUSION

The Court considers Defendants/Counterclaimants failure to file an Opposition Brief to Directv's Motion to Dismiss be a confession to the Motion's merit. Defendants have failed to allege a plausible counterclaim for recovery for breach of contract against Directv. Accordingly, the Motion to Dismiss Counterclaims against Plaintiff Directv, is GRANTED. Defendants' Counterclaims are DISMISSED.


IT IS SO ORDERED.

   */s/ John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT


**Dated**: March 30, 2016